REID, Judge.
This is a suit for damages, both for personal injuries and property damages, arising out of an alleged accident which occurred on April 30, 1958, at approximately 7:30 P.M. in the City of Thibodaux, Louisiana. The accident occurred at the intersection of East Seventh and St. Charles Streets. Involved in the accident were the plaintiff’s minor son, Paul Wallace Lefort, III, who was injured while driving a motorbike in an easterly direction on East Seventh Street; one Dennis Oncale who was riding with Paul Wallace Lefort, III on the motorbike, sitting directly behind him; and the defendant Annie B. Williams who was proceeding north on St. Charles Street, driving a 1957 Dodge automobile. After the suit was filed, the minor Paul Wallace Lefort, III was emancipated by marriage, and by motion filed before the trial of the case, was substituted as an additional party plaintiff. The defendant Marquette Casualty Company was the insurer of Miss Williams.
It is undisputed that the plaintiff Paul Wallace Lefort, III was traveling on a right of way street, which street was made a favorite street by Ordinance No. 514 of the City of Thibodaux. It is also undisputed that at the intersection of St. Charles and East Seventh Streets there is a stop sign on the corner facing northbound traffic on St. Charles Street, the direction in which the defendant Annie B. Williams was traveling.
The plaintiff alleges that Annie B. Williams was negligent “in failing to see that the said right of way street was clear of any traffic before attempting to cross said right of way street at said intersection” and “in failing to take any measures to avoid the accident.” The defendant on the other hand contends the said Annie B. Williams was in no manner negligent, that she had brought her vehicle to a complete stop at the stop sign, had pre-empted the intersection of East Seventh and St. Charles Streets prior to the accident, and that plaintiff Paul W. Lefort, III had the last clear chance to avoid the accident.
The case was tried on February 27, 1961, and for written reasons assigned judgment was signed on June 5, 1964 dismissing the demands of Paul Wallace Lefort, II and fixing the expert fee of Dr. Byron M. Unkauf at $150.00, to be taxed as cost and assessed to the plaintiffs. Although Paul Wallace Lefort, III had been substituted as a party plaintiff, the judgment is silent as to him and dismisses the suit only against his father, Paul Wallace Lefort, II. It is from that judgment that this appeal was taken by the plaintiffs.
*412 After argument of this case before the Court of Appeal, a motion was filed by Dudley A. Guglielmo, Commissioner of Insurance, as the duly appointed Rehabili-tator of Marquette Casualty Company, showing that Marquette Casualty Company had been placed in liquidation. An order was signed by this Court on February 8, 1965, staying all further proceedings against Marquette Casualty Company. Therefore, insofar as Marquette Casualty Company is concerned this case is dismissed.
As in all such cases, the testimony of the parties in this case and of their witnesses is conflicting. The Lefort boy testified that he approached St. Charles Street at a speed of approximately 20 miles per hour, and slowed down as he neared the intersection. He further testified that defendant’s car came out of St. Charles Street right in front of him and when he first saw the car it was approximately 30 to 35 feet away.
An examination of Mr. Oncale’s testimony shows that it is quite contradictory and in fact the Trial Judge, in his written reasons for judgment, stated that “the Court was not impressed with the testimony of young Mr. Oncale, hut was impressed with the fact that this boy was making every effort to help his friend and was most evasive under cross examination about certain points, particularly distances and speeds.”
Plaintiffs had one other factual witness, namely Dennis Rodrigue, who did not see the accident but apparently arrived at the scene shortly after the impact. He did testify that the automobile was more or less in the center of the street.
The defendant Miss Williams was alone in the automobile at the time of the accident. She testified she stopped at the stop sign at the intersection of St. Charles and East Seventh Streets, brought her vehicle to a complete stop, looked in both directions, and having stopped at the stop sign she proceeded across East Seventh Street and was almost across when the collision occurred with the motorbike. She testified she was well over the center and was nearer the banquette than the center. She further testified that immediately after the impact she came to a dead stop and didn’t move.
The defendant called as a witness one Murphy Barrilleaux, apparently the only eye witness. His testimony impressed the Trial Judge. Mr. Barrilleaux, a grocery store owner, was standing in the parking lot of the store at the time of the accident. The store was located on the southwest corner of the intersection of East Seventh and St. Charles Streets. Mr. Barrilleaux testified that the defendant Annie B. Williams came to a complete stop at the corner and that when she started into the intersection the motorbike was some distance away, stating “she was almost across the street when these boys came up on the motorbike and ran up against the car.” He further testified that the automobile had passed the center line of the street, somewhere around two feet across the center line. He was not positive whether the car in its entirety had crossed the center line at the time of the impact but he was positive that Miss Williams stopped almost immediately, traveling no more than a foot after the impact. He said:
“Q. Now, you stated that the car was-almost across when they collided ?
A. When the bike hit the car, it wasi past the center line of the street. That I know. I couldn’t say exactly how far. It might have been eighteen inches, two-feet, or something like that.
Q. Where was the front part of the car?
A. The front part of the car?
Q. Yes. I mean you said it was across the center line.
A. That’s the back part of the car. When the bike hit it, yes.
*413 Q. You are positive that the back part of the car was across the center line when they collided?
A. Well, I wouldn’t say that I am positive that it was past the center line when they hit because I don’t know how much it took her to stop, but she stopped right there. It could have taken her a foot or more to stop. I don’t know, but the car was past the line when she stopped. I wasn’t looking too much for the car. I was looking for the boys when they hit that, but I know it was past the mark.”
Mr. Barrilleaux also stated that the motorbike was not going slow.
In summing up the testimony the Trial Judge stated in his written reasons for judgment as follows:
“* * * There is a variance in the testimony which cannot be reconciled. The Lefort and Oncale boys testified that Miss Williams pulled out right in front of their slowly approaching motorbike. Of course, in light of the point of impact, along with the testimony of Mr. Murphy Barrilleaux, a completely disinterested eye witness, the version of the accident given by the Lefort and Oncale boys can be given little weight. The Court was impressed by the testimony of Mr. Barrilleaux who was in a position to observe and did observe the entire accident. He saw Miss Williams come to a complete stop and pull off from the stopped position and proceed across the intersection at a time when the motorbike was some distance away. Certainly at the time of impact the Williams vehicle had gone more than one half of the intersection, and in all probability had practically cleared the entire lane of travel of the motorbike.
“It is well settled in the jurisprudence of our state that one on a favored way does not and cannot proceed without exercising some degree of caution and making an observation for approaching traffic. It has been held that a right of way is not a right of pre-emption, for vehicles on a favored street may not disregard the rights of other vehicles by undue insistence upon that right.”
The Trial Judge further held that this case is similar to the case of Baker v. State et al., La.App., 67 So.2d 133, wherein writs of certiorari were denied on October 9, 1953. Judge Lottinger, speaking for the Court, held that the plaintiff was negligent in not seeing the vehicle as he made his maneuver through the intersection. The Trial Judge then held:
“In this case it is the finding of this Court that Annie B. Williams had preempted the intersection of East Seventh and St. Charles Streets and that had Paul Wallace Lefort, III, the 17 year old boy, properly observed the roadway in front of him, this accident would have been avoided. It is, therefore, the finding of this Court that Paul Wallace Lefort, III was negligent, and that said negligence was the proximate cause of this accident, and that this negligence is a bar to his recovery and to the recovery of his father for the injuries sustained herein.
A careful examination of this record clearly shows that it cannot be said the opinion of the Trial Court is in error. This Court, like the Trial Court, feels that the testimony of Mr. Barrilleaux must be given great weight and it is clear from the record that the plaintiff Paul Wallace Lefort, III was guilty of negligence which would bar his recovery in this accident.
For the above and foregoing reasons the opinion of the Trial Court is affirmed and the plaintiffs’ suit is dismissed insofar as Annie B. Williams is concerned. Insofar as Marquette Casualty Company is concerned the suit has previously been dismissed because of the company being in liquidation. In addition, the judgment of the trial Court fixing the fee of Dr. Byron M. Unkauf’s fee at $150.00 is also affirmed, said fee to be taxed as cost and paid by the plaintiffs.
Affirmed.